IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
at KANSAS CITY

MONIKA ANDERSON,
On behalf of herself and
all others similarly situated,

                      Plaintiffs,

v.                                               Case No.

EMEREST HEALTH OF MISSOURI, LLC,
EMEREST HEALTH CDS OF MISSOURI, LLC,
EMEREST HOME CARE OF CONNECTICUT LLC,
EMEREST HEALTH, LLC,
EMEREST HEALTH OF MINNESOTA LLC,
EMEREST HEALTH POPULATION MANAGEMENT LLC,
EMEREST HEALTH IPA, LLC,
EMEREST CERTIFIED HOME HEALTH CARE OF NEW YORK, LLC,
EMEREST CAREGIVER RESOURCES OF NY, LLC, and
EMEREST HEALTH, INC.,

                      Defendants.

## CIVIL COMPLAINT

**COMES NOW** the Plaintiff, Monika Anderson, by and through her attorneys of record, the undersigned, and hereby sets forth her causes of action against Defendants, Emerest Health of Missouri, LLC (hereinafter, "Emerest MO"), and Emerest Health CDS of Missouri, LLC (hereinafter, "Emerest CDS MO"), Emerest Home Care of Connecticut, LLC (hereinafter, "Emerest CT"), Emerest Health, LLC (hereinafter, "Emerest LLC"), Emerest Health of Minnesota, LLC (hereinafter, "Emerest MN"), Emerest Health Population Management LLC (hereinafter, "Emerest Health Population"), Emerest Health IPA, LLC (hereinafter, "Emerest IPA"), Emerest Certified Home Health Care of New York, LLC (hereinafter, "Emerest Certified NYC"), Emerest Caregiver Resources of

NY, LLC (hereinafter, "Emerest Caregiver, NYC"), and Emerest Health, Inc. (hereinafter, "Emerest, Inc.")[1], pursuant to 29 U.S.C. § 201, *et seq.*, more commonly known as the Fair Labor Standards Act (hereinafter, "FLSA"); more specifically, § 216(b) of the Act, for violations thereof; and for violations of R.S.Mo. § 290.500 *et seq.*, better known as the Missouri Minimum Wage Law (hereinafter, "MMWL"); more specifically, §§ 502 and 505. In support thereof, the Plaintiff asserts and states as follows, on behalf of herself and all others similarly situated:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action on behalf of herself and others similarly situated against Defendants for unpaid wages, and related penalties and damages.

2. Defendants' practices and policies have resulted in Defendants willfully failing to properly pay straight time and overtime due and owing to Plaintiff and others similarly situated in violation of the Fair Labor Standards Act ("FLSA"), and the Missouri Minimum Wage Law ("MMWL"), 29 U.S.C. § 201, *et seq.*, and R.S.Mo. § 290.500 *et seq.*

3. Defendants' policy and practice is to deny minimum wages and overtime pay to their hourly employees. Defendants' failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

4. Defendants have failed to pay wages and overtime to its employees, including Plaintiff and all others similarly situated, by failing to pay them for all of their compensable time in violation of the FLSA and MMWL. Plaintiff, on behalf of herself and all others similarly situated, seeks compensation for unpaid straight time and overtime premiums for all hours worked, required, suffered, or permitted by the Defendants; compensation for such wages wrongfully withheld; liquidated and/or other damages as permitted by applicable law; and

---
[1] Collectively, "Defendants" or "Defendants Emerest".

attorneys' fees, costs, and expenses incurred in this action.

5. Plaintiff and others similarly situated bring this action against all Defendants for unpaid wages, and related penalties and damages.

6. Defendants' practices and policies have resulted in Defendants willfully failing to properly pay straight time and overtime due and owing to Plaintiff and other similarly situated employees in violation of the FLSA and MMWL.

7. Further, Defendants have received the benefits of the work of the Plaintiff and others similarly situated, and failed to compensate them for the reasonable value of these services.

## PARTIES

### Plaintiffs

8. Named Plaintiff was at all times pertinent hereto, and is still, a personal care assistant/aide (hereinafter, "PCA") who provided care for individuals in need of personal care (hereinafter, "consumers"). Though the consumers were nominal employers, Defendants were also employers, pursuant to the FLSA and/or MMWL.

9. Plaintiff began working as an hourly employee of Defendants on or about November 12, 2021. The individuals in need of personal care usually received government assistance, including, but not limited to Medicaid and Medicare. This money was given by the state to Defendants, who would then forward it on to Plaintiffs and those similarly situated. However, as explained below, Defendants did more than merely process payroll for the consumers. They were in fact the real employers.

10. At all times pertinent hereto, Plaintiff, and all others similarly situated were employed as hourly employees of Defendants, for purposes of the FLSA and its state law counterparts, including but limited to the MMWL.

11. At all times pertinent hereto, Defendants' policy was to pay the Plaintiffs, and all

others similarly situated, less than the minimum wage, and/or less than one and one-half times their regular hourly rate, for all hours worked in excess of forty hours in a single workweek, or eighty hours in a two-week period.

### FLSA Class Members

12. The FLSA Class Members held various jobs in home health personal care, including, but not limited to PCA. All of them provided Consumer Directed Services, as defined in applicable state law[2], to eligible consumers. The consumers, in turn, paid the money they received in the form of state assistance to Defendants. Defendants, in turn, paid Plaintiffs based on Plaintiffs' hours worked.

13. Defendants subjected Plaintiffs to a common scheme of paying them less than what was required by the FLSA.

14. The class of similarly situated employees sought to be certified, pursuant to 29 U.S.C. § 216(b), as a collective action, is defined as:

> "All current or former employees of Defendants who provided care, assistance, or companionship to individuals within their homes, from May 18, 2019, through and including the present, and who were paid hourly for the work they performed, but paid less than the legally required minimum wage for all hours worked, and/or less than one and one-half times their hourly rate for all hours worked in excess of forty hours per workweek or eighty hours every two weeks."

15. Plaintiff has consented to join this Action, and her consent to join is attached hereto, as Exhibit A.

### Defendants

16. Defendants Emerest are Limited Liability Companies and Corporations located in

---
[2] See, for example, R.S.Mo. § 208.930, and Mo. Code of State Regs. 19 C.S.R. 15-8.100.

Missouri, Minnesota, New York, New Jersey and Connecticut. Defendant Emerest Health of Missouri may be served through its registered agent, Nate Cohn, at 9270 Olive Boulevard, in St. Louis, Missouri. Defendant Emerest CDS is also a Missouri Limited Liability Company that may be served at the same address.

17. Upon information and belief, Defendants are organized by Jack Bernath and Josh Klein, both of whom– also upon information and belief– may be found at 3236 14th Avenue, Brooklyn, New York City, King's County, New York.

18. Upon information and belief, Defendants provide home health care services in Missouri, New Jersey, New York, Minnesota, and Connecticut.

19. At all times relevant to this action, Defendants employed PCAs, including Plaintiffs and all others similarly situated, to provide home health services.

20. Defendants exercise control over the PCAs who provide care to consumers through state-level CDS services.

21. Among other things, Defendants require their PCAs to do the following:

    a. Establish a back up and emergency plan;

    b. Check in periodically with Defendants while on the job;

    c. Be drug-free while working, and submit to Defendants' drug free workplace policy;

    d. Submit to background checks;

    e. Report at least once monthly to Defendants on the quality of care that they provide to consumers;

    f. Accept hourly pay at a rate determined by Defendants;

    g. Perform work as determined by Defendants;

    h. Clock in and out subject to Defendants' instructions;

    i. Notify Defendants and obtain Defendants' consent prior to submitting and/or working overtime; and

    j. Follow safety rules and emergency rules determined by Defendants.

  22. At all relevant times, Defendants were the employer of Plaintiff, and all other similarly situated employees, and are thus liable to Plaintiff, and all others similarly situated, as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

## JURISDICTION AND VENUE

  23. This Court has jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 216 (b).

  24. The Western District has personal jurisdiction because the actions pleaded herein occurred in Jackson County, Missouri. Venue is proper in Kansas City, because the causes of action pleaded herein occurred in Jackson County, pursuant to 28 U.S.C. § 1391(b). Moreover, because Defendant has substantial business contacts in Jackson County, Missouri, and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

  25. In addition, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law class action claims brought under the laws of Missouri, and any other state in which Defendants conduct business and employ hourly employees. This includes, upon information and belief, New York, New Jersey, and Connecticut.

  26. Defendants' employees are engaged in interstate commerce, and Defendants' annual gross volume of sales made or business done exceeds $500,000.00, exclusive of excise tax.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

  27. Plaintiff brings Count I, the FLSA claim pursuant to 29 U.S.C. § 216(b), as a collective action, on behalf of herself and the following individuals:

"All current or former employees of Defendants who provided care, assistance, or companionship to individuals within their homes, from May 18, 2019, through and including the present, and who were paid hourly for the work they performed, but paid less than the legally required minimum wage for all hours worked, and/or less than one and one-half times their hourly rate for all hours worked in excess of forty hours per workweek or eighty hours every two weeks."

28. Plaintiff brings her state law claims in Count II under state law (including individual state law subclasses) and Count III (unjust enrichment / quantum meruit) as an opt out class action, as defined below, pursuant to Fed. R. Civ. P. 23. Plaintiff, individually, and behalf of others similarly situated, seeks relief on a class basis challenging Defendants' practice of compensating Plaintiff and others similarly situated. The Rule 23 subclasses are defined as follows:

MISSOURI CLASS

"All current or former employees of Defendants who provided care, assistance, or companionship to individuals within their homes, from May 18, 2019, through and including the present, and who were paid hourly for the work they performed, but paid less than the legally required minimum wage for all hours worked, and/or less than one and one-half times their hourly rate for all hours worked in excess of forty hours per workweek or eighty hours every two weeks." Mo. Rev. Stat. 290.500, *et. seq.*; Mo. Code Regs. Ann. Tit. 8, § 30-4.020."

29. The class satisfies the numerosity standards in that the class numbers well into the hundreds. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct and electronic mail as well as notice posted on Defendants' website.

30. There are questions of fact and law common to the classes that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

a. Whether all class members were paid minimum wage, under Missouri law, for all hours worked;

b. Whether all class members were paid one and one-half times their hourly rate for all hours of overtime worked;

c. Whether Defendants knew or had reason to know their policies and compensation practices were unlawful, and

d. Whether Defendants retained a benefit from such unlawful policies and compensation practices.

31. The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

32. Plaintiff's claims are typical of those of the Class in that class members have been paid pursuant to the same compensation structure as the Plaintiff and were subject to the same or similar unlawful practices as the Plaintiff.

33. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act, on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

34. The Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class she seeks to represent. The interests of the members of the class will be fairly and adequately protected by the Plaintiff acting as Class Representative and her undersigned counsel, who have experience in employment and class action lawsuits.

35. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

36. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

37. Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging Defendants' FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

38. To the extent required by law, notice will be provided to said individuals via first class mail, email and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## **COUNT I – FLSA CLAIMS**

39. Plaintiff hereby incorporates by reference all allegations set forth above as if fully asserted herein.

40. Plaintiff brings this claim against Defendants individually, and on behalf of all others similarly situated.

41. At all times material hereto, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

42. The FLSA regulates, among other things, the payment of minimum wage and

overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

43. Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because each is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

44. At all relevant times, Defendants have been, and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

45. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including Plaintiff and all similarly situated employees.

46. At all times relevant herein, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

47. Plaintiff was employed by Defendants. During this time frame, Plaintiff performed work for Defendants as a PCA.

48. During the statutory period, Plaintiff was paid an hourly wage of $12.00 per hour.

49. Prior to and during Plaintiff's employment with Defendants, Defendants employed numerous other servers who had the same job duties and compensation structure as Plaintiff.

50. Plaintiff and all similarly situated employees have substantially similar job requirements and pay provisions, and are subject to Defendants' common policy and practice of refusing to correctly pay minimum wages and overtime wages in violation of the FLSA.

51. The FLSA requires employers, such as Defendant, to compensate all non-exempt employees overtime compensation, at a rate of not less than one-and-one-half the minimum wage, for work performed in excess of forty hours in a work week.

52. Plaintiff and all similarly situated employees are not exempt from the right to receive

the Federal minimum wage and overtime pay under the FLSA and are not exempt from the requirement that their employer pay them minimum wage and/or overtime compensation under the FLSA.

53. At all relevant times, Defendants had a policy and practice of failing to properly pay minimum wages because Defendants only paid their PCAs, including Plaintiff, for up to 40 hours. This, despite the fact that PCAs including Plaintiff routinely worked in excess of 40 hours. Thus, Defendants had a policy of not paying for all overtime hours worked.

33. At all relevant times, Defendants also had a policy and practice of failing to properly pay minimum wages, especially under state law, because Defendants did not pay their PCAs, including Plaintiff, for all hours worked.

34. Defendants' failure to properly compensate Plaintiff and all others similarly situated constitutes a violation of the Fair Labor Standards Act minimum wage and overtime requirements, 29 U.S.C. §§ 201, *et. seq.*

35. Defendants' violation of the FLSA is continual in nature; in that Defendants continue to underpay their PCAs, pursuant to the same unlawful policies and procedures that are set forth in detail herein.

36. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award

of prejudgment interest at the applicable legal rate.

38. As a result of the aforesaid violations of the FLSA's minimum wage and overtime pay provisions, proper minimum wage and overtime compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Plaintiff, and all others similarly situated, seek damages in the amount of all respective unpaid minimum wage and overtime, plus liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for relief as follows:

a. Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

b. Designation of Plaintiff Anderson as Class Representative;

c. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

d. Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e. Award Plaintiff and all similarly situated employees' attorneys' fees and costs as allowed by Section 216(b) of the FLSA;

f. Issue a declaration that Defendants have violated state and federal law; and

g. Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

### COUNT II – VIOLATIONS OF STATE WAGE LAWS
### (Mo. Rev. Stat. 290.500, *et. seq.*; Mo. Code Regs. Ann. Tit. 8, § 30-4.020)

39. Plaintiff incorporates the foregoing paragraphs as if more fully set forth herein.

40. Plaintiff and the putative class were employed by the Defendants and were paid wages below the minimum wage pursuant to the state laws of Missouri.

41. Said work often required Plaintiff and the putative class to work in excess of forty (40) hours per week.

42. Plaintiff and the putative class were not properly compensated for this work at the applicable rate of pay.

43. Plaintiff and the putative class were treated as non-exempt employees by the Defendants.

44. Defendants employ/employed other employees as PCAs who are/were paid below the minimum wage requirements and were treated as non-exempt employees under the wage statutes in Missouri. All such employees are hereby referred to as "similarly situated" employees, or "putative class members."

45. These "similarly situated" employees were compensated at an hourly rate of $12.00, for 40 hours per workweek, regardless of how many hours they acutally worked, resulting in a deficiency of minimum wage and overtime, due and owing.

46. The state wage laws in Missouri require each covered employer, such as Defendants, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

47. These employees are similarly situated in that they are all subject to Defendants' identical compensation policies and plan that fail to compensate them full minimum wage for time worked or time-and-a-half for overtime hours worked.

48. These employees are also similarly situated in that they are all subject to Defendants' identical compensation policies and plan that requires them to not report time in

excess of 40 hours even when they work more than 40 hours per workweek.

49. This Complaint is brought and maintained as a class action for all state law claims asserted by the Plaintiff because her claims are similar to the claims of the putative class members.

50. The names and addresses of the putative class members are available from Defendants. The Defendants failed to compensate Plaintiff and the putative class members at the proper rate of pay, and therefore, Defendants have violated, and continues to violate, the State Wage Laws.

51. The Plaintiff, on behalf of herself and all similarly situated employees of Defendants who compose the putative class, seek damages in the amount of all respective unpaid minimum wages and straight time plus overtime compensations at a rate of one and one-half times the proper, and legal rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the state wage laws Missouri.[3]

52. The Plaintiff, on behalf of herself and all similarly situated employees of Defendants who compose the putative class, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendants.

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed class members, prays for relief as follows:

    a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

    b. Designation of Plaintiff Anderson as Representative Plaintiff, acting for and on behalf of the putative class members;

    c. A declaratory judgment that the practices complained of herein are unlawful and an

---

[3] In Missouri, liquidated damages includes a treble penalty.

injunction against the same;

  d. An award of damages of the full amount of the wage rate and an additional equal amount as liquidated damages up to and including treble damages where applicable, less the amounts actually paid to the Plaintiff and the putative class by the Defendants;

  e. Costs and expenses of this action incurred herein;

  f. Reasonable attorneys' fees and expert fees;

  g. Pre-Judgment and Post-Judgment interest, as provided by law; and

  h. Any and all such other and further relief as this Court deems necessary, just and proper.

## **COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT**

53. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth in the foregoing paragraphs of this Petition as though fully set forth herein.

54. Defendants have been and are being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees. Defendants have been and are being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

55. Defendants intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked. Defendants know or should know the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendants.

56. It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

b. Designation of Plaintiff Anderson as Representative Plaintiff, acting for and on behalf of the putative class members;

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d. An award of restitution of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiff and the putative class by the Defendant;

e. Costs and expenses of this action incurred herein;

f. Reasonable attorneys' fees and expert fees;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

h. Any and all such other and further relief as this Court deems necessary, just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs hereby designate Kansas City, Missouri, as the place of trial.

Respectfully submitted,

LAW OFFICE OF PHILLIP M. MURPHY, II

*/s/ Phillip M. Murphy II*
Phillip M. Murphy II MO. #61467
4717 Grand Ave., Ste. 300
Kansas City, MO 64112
(p) 913-661-2900
(f) 913-312-5841
phillip@phillipmurphylaw.com

**The Hodgson Law Firm, LLC**

*/s/ Michael Hodgson*
Michael Hodgson, MO Bar No. 63677
3609 SW Pryor Rd.
Lee's Summit, Missouri 64082
(p) 816-600-0117
mike@elgkc.com
**ATTORNEYS FOR PLAINTIFFS**