# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

MONIKA ANDERSON, )
on behalf of herself and all others )
similarly situated, )
         )
             Plaintiff, )
      v. )         No. 22-00452-CV-W-BP
         )
EMEREST HEALTH OF MISSOURI, )
LLC, et al., )
         )
            Defendants. )

## ORDER GRANTING JOINT MOTION REGARDING SETTLEMENT

Now pending is the parties' Joint Motion and related documents seeking relief that will effectuate their settlement of this case. (Doc. 40, 40-1, 40-3, 42.[1]) The Court grants the Joint Motion, as discussed below.

### I.      Background

Plaintiff filed this wage-and-hour case on July 15, 2022. (Doc. 1.) Plaintiff alleges she worked on an hourly basis as a personal care assistant/aide ("PCA") to individuals in need of personal care ("consumers"). (Doc. 1, ¶¶ 1-2.[2]) Plaintiff alleges that, although nominally she was an employee of the consumer, effectively she was an employee of Defendants, which are a collection of entities that provide home health care services.[3] (Doc. 1, ¶¶ 8-9, 16, 18-22.) Plaintiff

---

[1] Based on correspondence with the Court, the parties' attorneys replaced the Notice of Settlement they initially filed, (Doc. 40-2), with a revised Notice, (Doc. 41), and then a second revised Notice, (Doc. 42). This Order concerns only the final "Notice of FLSA Collective Action Settlement," (Doc. 42), disregarding the others.

[2] Citations are to the Court's CM/ECF docket system and the page numbers generated by it.

[3] Specifically, Defendants are: (1) Emerest Health of Missouri, LLC; (2) Emerest Health CDS of Missouri, LLC; (3) Emerest Home Care of Connecticut LLC; (4) Emerest Health, LLC; (5) Emerest Health of Minnesota LLC; (6) Emerest Health Population Management LLC; (7) Emerest Health IPA, LLC; (8) Emerest Certified Home Health Care of New York, LLC; (9) Emerest Caregiver Resources of NY, LLC; and (10) Emerest Health, Inc.

further alleges that Defendants, as her employers, did not pay her all the wages she was owed, such as the minimum and overtime wages required by law. (*E.g.*, Doc. 1, ¶¶ 2-6.)

On this basis, Plaintiff asserted three claims against the ten named Defendants. Count One alleges violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq.*, and is asserted on behalf of a putative FLSA collective action. (*e.g.*, Doc. 1, ¶ 27.) Count II alleges violation of Missouri's state wage-and-hour statutes and regulations, and Count III alleges Missouri common law claims for quantum meruit and unjust enrichment; both these counts are alleged on behalf of a putative Federal Rule of Civil Procedure 23 class action. (Doc. 1, ¶ 28.)

After two Defendants moved to dismiss, (Doc. 13), but before there were any other significant case developments, the parties jointly moved to stay the case and toll the statute of limitations, to facilitate their exploration of an early case resolution. (Doc. 21.) The Court granted the requested relief. (Doc. 22.) Thereafter, the parties advised they had agreed in principle to a settlement. (Doc. 32.) Now pending is the parties' Joint Motion and related papers to effectuate their settlement. (Docs. 40, 40-1, 40-3, 42.)

## II.    Joint Motion and Related Papers

The parties' Joint Motion makes several requests relating to settlement, and the Court addresses each below.

### 1.  Dismissal of Certain Defendants

First, the Joint Motion states the parties are settling claims against only two of the ten named Defendants: (1) Emerest Health of Missouri, LLC; and (2) Emerest Health CDS of Missouri, LLC. As to the remaining eight "out of state" Defendants, Plaintiff is abandoning the claims asserted against them, and thus the parties move for their dismissal with prejudice. (Doc. 40, pp. 3, 6-7.)

Accordingly, the Court **DISMISSES WITH PREJUDICE** the following Defendants:

- Emerest Home Care of Connecticut LLC;

- Emerest Health, LLC;

- Emerest Health of Minnesota LLC;

- Emerest Health Population Management LLC;

- Emerest Health IPA, LLC;

- Emerest Certified Home Health Care of New York, LLC;

- Emerest Caregiver Resources of NY, LLC; and

- Emerest Health, Inc.

### 2. Certification of FLSA Collective Action for Settlement Purposes

Second, the parties seek final certification for settlement purposes only of the following FLSA collective action:

> All current and former personal care attendants (PCAs) who performed consumer-directed services for at least two Consumers affiliated with Emerest Health CDS of Missouri, LLC, and who worked more than 40 hours in at least one workweek at any time from July 15, 2019 to January 1, 2023.

(Doc. 40, p. 5.)

A court may certify an FLSA case as a collective action only if the proposed collective members are "similarly situated" or raise similar legal issues regarding coverage, exemption, or nonpayment of wages or benefits. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 168-71 (1989); 29 U.S.C. § 216(b). The FLSA does not define the term "similarly situated," and the Eighth Circuit has yet to articulate a standard, but generally district courts use a two-step analysis. *Woods v. Caremark PHC, L.L.C.*, 2016 WL 5417445, at *2 (W.D. Mo. Aug. 2, 2016). At the first stage—the notice stage—the plaintiff-employee need only establish a colorable basis supporting

3

that the putative FLSA collective members were the victims of a single decision, policy, or plan. *Id.* At the second stage—the merits or decertification stage—the court must employ "a heightened standard of review to determine whether the plaintiff and other members of the collective are similarly situated[.]" *Id.*

The parties jointly moved for certification, showing there is no dispute as to whether the putative collective members are similarly situated. Based on the Court's knowledge and experience with this case's allegations, legal issues, and progression of litigation, it is independently satisfied the "similarly situated" requirement is met, as discussed further below.

Accordingly, pursuant to 29 U.S.C. § 216(b), the Court **GRANTS** final certification for settlement purposes only of the following FLSA collective:

> All current and former personal care attendants (PCAs) who performed consumer-directed services for at least two Consumers affiliated with Emerest Health CDS of Missouri, LLC, and who worked more than 40 hours in at least one workweek at any time from July 15, 2019 to January 1, 2023.

### 3. Approval of FLSA Collective Action Settlement

Third, the parties advise that, by working with a mediator, they reached settlement, under which: (1) they are resolving the Count I FLSA claim and stipulating to final certification of an FLSA collective action; and (2) Plaintiff is no longer pursuing Counts II and III or a Rule 23 class action. (Doc. 40, pp. 5-11.) The parties have submitted their settlement—which contains their agreements as to both the FLSA claim's substance and the attorneys' fees for litigating it—for Court review. (Doc. 40-1.)

Ordinarily an employee and employer can settle their disputes without court approval, but, for an employee's FLSA claim against an employer, the court must approve the settlement for it to have *res judicata* effect. *See Beauford v. ActionLink, LLC*, 781 F.3d 396, 406 (8th Cir. 2015) ("After commencing litigation, employees can waive their rights only if the parties agree on a

4

settlement amount and the district court enters a stipulated judgment."); *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008) (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). To approve an FLSA settlement, the court must find that: (1) the case involves a bona fide dispute over FLSA provisions; and (2) the proposed settlement is fair and reasonable. *Lynn's Food Stores*, 679 F.3d at 1355.

The Court finds this case satisfies these standards. First, this case involves a bona fide dispute, as the FLSA imposes wage-and-hour liability on only an "employer," *see* 29 U.S.C. §§ 203(d), 206(a), 207(a), and this case's central issue was whether Defendants were in fact Plaintiff's employer, (Doc. 1, ¶¶ 8-9, 16, 18-22). As stated in the Joint Motion, the parties contested this issue and others by, for example, exchanging and analyzing voluminous discovery materials, performing calculations of wage and hour issues, and negotiating settlement with a mediator's assistance, during the approximately nine months between when Plaintiff filed this case and the parties' reached a settlement in principle. (Doc 1; Doc. 32; Doc. 40, pp. 3-4, 7-8.) Second, the proposed settlement is fair and reasonable: As described in the parties' Joint Motion, Defendants have agreed to pay:

- "100% of any hours worked over 40 in a workweek that were unpaid but were authorized by applicable Plans of Care during the [FLSA Collective] Period"; and

- "100% of any hours worked over 40 in a workweek that were unpaid and unauthorized by applicable Plans of Care to the extent that such hours were performed for a non-family or household member and such hours did not exceed the total monthly hours authorized by the applicable Plans of Care."

(Doc. 40, p. 4.) More concretely, the parties have agreed to, among other provisions, a settlement fund of $202,000, with a $10,000 service award to Plaintiff and $10,000 reserved for settlement administrative expenses. (Doc. 40, p. 4-5; Doc. 40-1.) Based on these facts, the Court approves the parties' settlement of the FLSA claim's substance.

5

In an FLSA case, the litigants can also settle the attorney's fee award to be paid to the plaintiff-employee's attorney. *See* 29 U.S.C. § 216(b) ("The court in [an FLSA collective] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The exact scope of a court's review of a settlement of FLSA attorneys' fees is somewhat unclear, but recent Eighth Circuit precedent indicates the court should perform some level of review, to ensure the fee issues were settled without regard for the FLSA claim's substance and there was no conflict of interest between the plaintiff-employee and his or her attorney. *Barbee v. Big River Steele, LLC*, 927 F.3d 1024, 1027 n.1 (8th Cir. 2019). When conducting this review, courts have identified the following as red flags: (1) a reversion provision stating settlement funds will revert to the defendant-employer; (2) a clear-sailing provision stating the defendant-employer will not challenge the plaintiff-employee's attorney's fee request; and (3) contemporaneous negotiation of both the FLSA claims' substance and the attorney's fee award and settlement of one being contingent on settlement of the other.[4] *See Rouse v. Language Line Servs., Inc.*, 2023 WL 3015726, at *1 (W.D. Mo. Mar. 15, 2023).

The parties' settlement appears to contain each of these red flags, but, even so the Court concludes rejecting it is not necessary or appropriate here. First, the parties reached settlement only after they conducted meaningful litigation, as discussed above. Second, the amount of attorneys' fees ($67,330) and costs ($4,800) that Plaintiff's counsel is to receive represents approximately one-third (35.7%) of the total settlement fund, which the Court finds reasonable.

---

[4] Courts have also described a "claims-made settlement" as a red flag. *Rouse*, 2023 WL 3015726, at *1. However, the FLSA states: " [N]o employee shall be a party plaintiff to any such [FLSA collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Thus, the FLSA effectively requires a type claims-made settlement because individuals "must opt-in to participate[.]" *Rouse*, 2023 WL 3015726, at *1.

6

And third, Defendants have agreed to pay 100% of the value of the FLSA claims, as discussed above, which effectively negates any conflict-of-interest concerns.

Accordingly, the Court **APPROVES** of the parties' Settlement Agreement and Release, (Doc. 40-1).

### 4. Approval of Notice to Collective Members

Fourth, the parties seek approval of their agreed plan to notify members of the FLSA collective of the settlement, which includes a notice and an opt-in consent form that provides information about this case and the settlement, advises recipients about their options, and explains relevant deadlines. (Doc. 40, pp. 5, 11.)

Upon review, the Court **APPROVES** of both the parties' Notice of Settlement of FLSA Collective Action Settlement, (Doc. 42), and Opt-In Consent Form, (Doc. 40-3), and **DIRECTS** that they be mailed to collective members no later than 30 days after the date of this Order.

### 5. Other Requested Relief

The parties' Joint Motion includes some other miscellaneous requests for relief regarding naming a "class representative" and "class counsel." (Doc. 40, p. 5.) In this FLSA collective case, the Court finds these steps unnecessary and accordingly **DISREGARDS** them.

### III. Conclusion

In addition to the rulings issued above, the Court **DIRECTS** the parties to file, by no later than **December 18, 2023**, either: (1) a Joint Status Update which details the progress made towards

effectuating the parties' settlement, the settlement's current status, and the steps that remain before this case can be finally dismissed; or (2) dismissal papers.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
Date: October 18, 2023                    UNITED STATES DISTRICT COURT